## MATTER OF IKEMIYA

### In SECTION 248 Proceedings

### A-14067018

*Decided by District Director November 23, 1964*

An exchange visitor alien (section 101(a)(15)(J)) who has been granted a waiver of the foreign-residence requirement provided by section 212(e), Immigration and Nationality Act, as amended, is eligible for a change of nonimmigrant classification to that of a temporary worker under section 101(a)(15)(H)(i) of the Act notwithstanding the provisions of section 248 of the Act.

The applicant is a 45-year-old married male, a native and citizen of Japan, who was last admitted to the United States on August 30, 1962, as an exchange visitor. He has continued to maintain this nonimmigrant status and now seeks to change his classification as an exchange visitor to that of a temporary worker under section 101(a)(15)(H)(i) of the Immigration and Nationality Act. A petition to classify his status as such, filed by the United States Department of Agriculture, has been approved. In addition, he has been granted a waiver of the two-year foreign residence requirement for exchange visitors of section 212(e) of the Immigration and Nationality Act, as amended, on the recommendation of the Department of State pursuant to a request from the Department of Agriculture.

The applicant qualifies in every respect for a change of his nonimmigrant classification except for the apparent bar interposed by section 248 of the Immigration and Nationality Act, as amended, by the Act of September 21, 1961 (75 Stat. 535, P. L. 87-256) which provides:

The Attorney General may, under such conditions as he may prescribe, authorize a change from any nonimmigrant classification to any other nonimmigrant classification in the case of any alien lawfully admitted to the United States as a nonimmigrant who is continuing to maintain that status except an alien classified as a nonimmigrant under paragraph (15)(D) of section 101(a), or an alien classified as a nonimmigrant under paragraph (15)(C) or (J) of section 101(a) unless he applies to have his classification changed from a classification under paragraph (15)(C) or (J) to a classification under paragraph (15)(A) or (15)(G) of section 101(a).

The applicant was admitted to the United States as an exchange visitor under the provisions of section 101(a)(15)(J) of the Immigration and Nationality Act, as amended, and is presently maintaining such status; however, he has been granted a waiver of the two-year foreign residence required for a change of status under section 212(e) of the Immigration and Nationality Act. There remains to be considered whether an alien who has an exchange visitor status, but who has been granted a waiver of the foreign residence requirement, comes within the bar of section 248 of the Immigration and Nationality Act, as amended.

The primary purpose of the Mutual Educational and Cultural Exchange Act of 1961 is to promote understanding and good will by the mutual exchange of persons between this country and other countries of the world to observe and study, as well as to impart important knowledge. In establishing this program, Congress contemplated that aliens would employ in their own countries or in other participating countries the knowledge and skills acquired here. In furtherance of the program objective, exchange visitors are required to reside outside the United States for two years before they are eligible to apply for an immigrant visa, or for permanent residence or for a nonimmigrant visa under section 101(a)(15)(H) of the Immigration and Nationality Act. To make available the services of exchangees who possess talents desired by our universities, foundations and other institutions, however, a provision is made to permit the waiver of the foreign residence requirement on the request of an interested United States Government agency. The applicant has been granted a waiver pursuant to such a request.

In the *Matter of Chien*, A-10107638, Interim Decision No. 1307, the Board of Immigration Appeals held that notwithstanding the provisions of section 244(f) of the Immigration and Nationality Act, precluding the adjustment of status through suspension of deportation of an exchange visitor, such adjustment under section 244(a)(1) of the Act was available to an exchange visitor with respect to whom the foreign residence requirement of section 212(e), *supra*, had been waived. In reaching this conclusion, the Board considered the fact that section 212(e), as amended, permits the issuance of a visa as well as the granting of permanent residence to an exchange visitor with the required waiver. They determined that since suspension of deportation was merely one method of adjustment of status of an alien to that of a permanent resident in addition to sections 245 and 249 of the Immigration and Nationality Act, it was not reasonable to deny adjustment of status to an applicant for suspension of deportation who has the required waiver while granting it to another under section 245 or section 249 of the Act. The question to be resolved here

with regard to the applicant's eligibility for a change of his nonimmigrant classification is analogic to the question resolved by the Board in favor of the respondent in the case. Having been granted a waiver of the two-year foreign residence requirement and being the beneficiary of an approved petition, he would be eligible to apply to an American Consul for a nonimmigrant visa under section 101(a)(15)(H)(i), *supra*, were he abroad.

Inasmuch as the applicant is no longer required to depart from the United States and reside abroad for two years and by applying the same logic as did the Board of Immigration Appeals in the above cited case, it is reasonable to conclude the applicant is eligible to change his nonimmigrant classification to that of a temporary worker and that the provisions of section 248, which bar such change, do not apply in his case. The application will, therefore, be granted.

**ORDER:** It is ordered that the application be and hereby is granted.